UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

Case No. 5:26-cv-3769-FLA-SK Date: August 7, 2026

Title Zhongren Zheng v. J. Johnson, et al.

Present: The Honorable: Steve Kim, United States Magistrate Judge

| Ashley Silva | n/a |
| --- | --- |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s)/Petitioner(s): | Attorneys Present for Defendant(s)/Respondent(s): |
| --- | --- |
| None present | None present |

**Proceedings:** (IN CHAMBERS) **ORDER TO SHOW CAUSE**

Petitioner was released on his own recognizance under § 236 of the Immigration and Nationality Act (INA) on May 31, 2023. He alleges three years of compliance with the conditions of that release. On May 29, 2026, he reported to the ICE Los Angeles Field Office pursuant to his release order but was taken into custody. He alleges he received no notice that his conditional release had been revoked—or any explanation why. Respondents' answer to the first amended petition doesn't identify the basis for the revocation.[1]

Respondents are thus ORDERED TO SHOW CAUSE within seven days why the petition should not be granted and petitioner released on the conditions of his prior order of release on recognizance. The return must address the lawfulness of the revocation under the applicable provisions of 8 C.F.R. Part 236, and must therefore address at minimum:

1. The ground on which Petitioner's release was revoked, the date, and the identity and title of the official who made that determination.

[1] The answer also appears to recite facts for another case, possibly *Chevez-Alvarez v. Facility Administrator*, No. 5:26-cv-04159-JWH-SK. Those facts are apparently pegged to an exhaustion argument—that may have been presented in *Chevez-Alvarez*—but isn't advanced here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | |
|---|---|---|
| Case No. | 5:26-cv-3769-FLA-SK | Date: August 7, 2026 |
| Title | Zhongren Zheng v. J. Johnson, et al. | |

2. All documents reflecting or memorializing the revocation, including any executed Cancellation of Order on petitioner's Form I-220A and any notice served on petitioner or provided to the Immigration Court.

3. If no such grounds or documents exist, a statement to that effect.

Meanwhile, nothing in this order alters the existing briefing schedule unless the parties stipulate otherwise and submit a stipulated proposed order to that effect. Otherwise, petitioner's optional consent in accordance with 28 U.S.C. § 636(c) and General Order 26-05, if one is to be filed, remains due by or before the deadline for his last responsive brief.

IT IS SO ORDERED.